# In the Circuit Court of the State of Oregon
## For the County of Yamhill

DAVID and JAYNE BOND, individuals and partners doing business as MAC-U-STORE,

    Plaintiffs,

v.

FIRST NATIONAL INSURANCE COMPANY OF AMERICA, a business entity, form unknown,

    Defendant.

Case No. 15CV00600

SUMMONS

To: Defendant, First National Insurance Company of America
c/o Corporation Service Company, Registered Agent
285 Liberty Street NE
Salem, OR 97301

    You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

C. Andrew Gibson      112947
ATTORNEY'S/AUTHOR'S NAME (TYPED OR PRINTED)    BAR NO. (IF ANY)

900 SW Fifth Avenue, Suite 2600
ADDRESS

Portland    Oregon    97204    (503) 294-9878
CITY      STATE      ZIP      PHONE

Louis A. Ferreira      902602
TRIAL ATTORNEY IF OTHER THAN ABOVE (TYPED OR PRINTED)    BAR NO.

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

_____
ATTORNEY(S) FOR PLAINTIFF(S)

PAGE 1-SUMMONS

77996229.1 0020334-00015

STOEL RIVES LLP
ATTORNEYS
900 SW FIFTH AVENUE, SUITE 2600 PORTLAND, OREGON 97204-1268
Telephone (503) 224-3380

Exhibit A, Page 1 of 8

## PROOF OF SERVICE

STATE OF _____ )
County of _____ ) ss.

I hereby certify that I made service of the foregoing summons upon the individuals and other legal entities to be served, named below, by delivering or leaving true copies of said summons and the complaint mentioned therein, certified to be such by the attorney for the plaintiff, as follows:

### Personal Service Upon Individual(s)

Upon _____, by delivering such true copy to him/her, personally and in person, at _____, on _____, 20__ at _____ o'clock __.M.

Upon _____, by delivering such true copy to him/her, personally and in person, at _____, on _____, 20__ at _____ o'clock __.M.

### Substituted Service Upon Individual(s)*

Upon _____, by delivering such true copy at his/her dwelling house or usual place of abode, to-wit: _____
to _____, who is a person 14 years of age or older and a member of the household of the person served on _____, 20____, at _____ o'clock __.M.

Upon _____, by delivering such true copy at his/her dwelling house or usual place of abode, to-wit: _____
to _____, who is a person 14 years of age or older and a member of the household of the person served on _____, 20____, at _____ o'clock __.M.

### Office Service Upon Individual(s)*

Upon _____, at the office which he/she maintains for the conduct of business at _____,
by leaving such true copy with _____, the person who is apparently in charge, on _____, 20____, during normal working hours, at to-wit: __ o'clock __.M.

### Mail Service Upon Individual(s)**

Upon _____, by mailing such true copies to him/her by first class mail and ALSO by (check one): ☐ certified or registered mail with return receipt requested ☐ express mail.

### Service Upon Tenant(s) of a Mail Agent***

Upon _____, by delivering such true copy to _____ a person apparently in charge of _____, which is the place where the mail agent receives mail for the tenant(s), its address being _____, on _____, 20 ____, at _____ o'clock __.M. Prior to effecting such service, I made diligent inquiry but could not find the tenant(s) so served.

### Service on Corporations, Limited Partnerships or Unincorporated Associations Subject to Suit Under a Common Name

Upon _____, by
(NAME OF CORPORATION, LIMITED PARTNERSHIP, ETC.)
(a) delivering such true copy, personally and in person, to _____ who is a/the _____
(Specify registered agent, officer (by title), director, general partner, managing agent, etc.) thereof; OR
(b) leaving such true copy with _____, the person who is apparently in charge of the office of _____, who is a/the _____
(Specify registered agent, officer (by title), director, general partner, managing agent) thereof;
at _____, on _____, 20____, at _____ o'clock __.M.

Dated _____, 20_____.

_____
SHERIFF

By_____
DEPUTY

I further certify that I am a competent person 18 years of age or older and a resident of the state of service or the State of Oregon, and that I am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise; that the person, firm or corporation served by me is the identical person, firm or corporation named in the action.
DATED_____, 20____.

_____
SIGNATURE

_____
TYPE OR PRINT NAME

_____
ADDRESS

CITY    STATE    ZIP    PHONE

The signature lines on the left should be used only by an Oregon county sheriff or deputy. All other servers complete certification on the right. The Proof of Service above contains most, but not all, of the methods of service. For example, this form does not include proof of service on a minor or incompetent person. See ORCP 7 D for permissible service methods with respect to particular parties.
* Where substituted or office service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed, by first class mail, a true copy of the summons and the complaint to the defendant at defendant's dwelling house or usual place of abode, together with a statement of the date, time and place at which such service was made. Use S-N Form No. 1149, Notice of Substituted or Office Service, or the equivalent.
** Where substituted or office service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed a true copy of the summons and complaint to the defendant at the defendant's dwelling house or usual place of abode, together with a statement of the time, date and place at which such service was made. Use S-N Form No. 1149 or equivalent.
*** Where service upon a tenant of a mail agent is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed, by first class mail, true copies of the summons and the complaint to the defendant(s) at the address at which the mail agent receives mail for the defendant(s) and to any other mailing address of the defendant(s) then know to the plaintiff, together with a statement of the date, time, and place at which delivery was made.

PAGE 2-SUMMONS
77996229.1 0020334-00015

1/9/2015 3:53:19 PM
15CV00800

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF YAMHILL

| | |
|---|---|
| DAVID and JAYNE BOND, individuals and partners doing business as MAC-U-STORE,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST NATIONAL INSURANCE COMPANY OF AMERICA, a business entity, form unknown<br><br>Defendant. | No.<br><br>COMPLAINT (Breach of Contract)<br><br>JURY TRIAL DEMANDED<br><br>CLAIM NOT SUBJECT TO MANDATORY ARBITRATION<br><br>Amount in Controversy: $370,000 |

For its complaint against Defendant, Plaintiffs David Bond and Jayne Bond dba Mac-U-Store ("Plaintiffs") state:

**THE PARTIES**

1.

David Bond and Jayne Bond are individuals and partners doing business as Mac-U-Store, with their principal place of business in McMinville, Yamhill County, Oregon. Plaintiffs own and operate a private storage business that consists of four wood framed and metal exterior storage warehouse buildings. Each building is divided into a number of individualized storage units leased for private use. These storage buildings are located at 1205-1240 N.E. 11th Way and between N.E. Alpine Avenue and N.E. 12th Avenue in the industrial area of McMinnville, Oregon (the "Property").

/////

/////

Page 1 - COMPLAINT (Breach of Contract)

77502322.3 0020334-00015

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

2.

Defendant First National Insurance Company of America ("FNIC") is an insurance business entity, form unknown, doing business in Yamhill County, Oregon.

**GENERAL ALLEGATIONS**

3.

FNIC issued commercial property insurance policy number 1-CI-599863-1 effective from June 21, 2012 to June 21, 2013 naming Plaintiffs as the named insureds and listing the Property on the schedule of covered premises for the Policy (the "Policy" as referred to herein means and includes all documents, endorsements, attachments, or exhibits actually forming part of policy number 1-CI-599863-1).

4.

The Policy was intended to provide insurance coverage and payment for physical loss of or damage to covered property at the premises described in the declarations page of the Policy caused by or resulting from any covered cause of loss.

5.

On or about June 13, 2013, a tornado appeared in the skies above McMinnville and touched down in the area of the Mac-U-Store buildings on the Property. Winds were estimated at up to 90 miles per hour, which indicates the tornado was in the EF-1 storm category. The tornado caused significant damage to three of the four Mac-U-Store buildings on the Property, including severely punctured and torn off roofs, displacement of exterior walls, and widespread debris.

6.

Plaintiffs promptly notified FNIC of the loss and damage to the Property and initiated a claim for all losses incurred. Plaintiffs also immediately engaged an emergency repair contractor to provide weather protection, stabilization, and temporary repairs so as to avoid further damage to the Property.

Page 2  -  COMPLAINT (Breach of Contract)

7.

Plaintiffs promptly provided FNIC with documentation of Plaintiffs' lost rental income and the invoices for the emergency repair costs incurred, among other documentation related to the repairs that would be necessary to the buildings and Property.

8.

On August 19, 2013, Defendants' adjuster, Brett Day, wrote to Plaintiffs and acknowledged that the Policy provided coverage for the tornado wind damages and loss sustained at the Property. FNIC referred to the loss as Claim Number 599785135010 (the "Tornado Claim"). FNIC requested an executed proof of loss form, which Plaintiffs promptly completed and returned. Later in August, in light of the significant damages to the buildings and Property, FNIC also offered an advance payment under the Policy of $125,000, which Plaintiffs agreed to receive only in partial satisfaction of their damages and losses.

9.

In consultation with FNIC, Plaintiffs hired an engineering firm to design the necessary repairs and prepare construction drawings. Plaintiffs submitted the repair design to the City of McMinnville for permitting and in December 2013 the City issued a pre-application permit.

10.

Plaintiffs solicited and obtained construction bids for the repairs, information which it again provided to FNIC. Plaintiffs selected a contractor for the repairs and on April 25, 2014 the City of McMinnville issued the construction permits for Plaintiffs' contractor to begin the repairs.

11.

Plaintiffs commenced repairs to the buildings and Property which are ongoing. Plaintiffs have provided and will continue to provide all repair invoices and documentation necessary for reimbursement to FNIC.

Page 3 - COMPLAINT (Breach of Contract)

77502322.3 0020334-00015

12.

Despite multiple requests and opportunities to pay for or otherwise reimburse Plaintiffs' ongoing and increasing damages and losses, FNIC has failed and/or refused to do so, forcing Plaintiffs to incur significant costs to repair its buildings and the Property.

13.

In enforcing the terms and conditions of the Policy, Plaintiffs have incurred and will continue to incur attorney's fees and legal costs that they would not have otherwise incurred but for FNIC's acts and omissions, and FNIC is liable for the same.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

14.

Plaintiffs refer to and incorporate as though fully set forth herein each of the foregoing paragraphs.

15.

The Policy is the operative contract between Plaintiffs and FNIC.

16.

The Policy obligates FNIC to pay for physical loss of or damage to covered property at the Property caused by or resulting from any covered cause of loss.

17.

Defendants acknowledged on August 19, 2013 that the Policy provided coverage for the Tornado Claim.

18.

Within the last two years, during the course of performance, Defendants breached the Policy by failing to reimburse Plaintiffs and failing to pay for physical loss of and damage to the Property including but not limited to lost rental income, the emergency repairs costs, and the final costs of repairs.

Page 4 - COMPLAINT (Breach of Contract)

77502322.3 0020334-00015

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

19.

At all relevant times, Plaintiffs have performed all conditions, covenants and promises required of it under the Policy, except those conditions, covenants, and promises that it was prevented from performing by Defendants, the performance of which are thereby excused.

20.

As a direct and proximate result of FNIC's breaches of contract, and accounting for the $125,000 advance payment received, Plaintiffs have incurred or will incur damages in the principal amount of an estimated $370,000, including but not limited to damage mitigation costs, design fees, permit fees, construction costs, and lost rental income, together with interest thereon at the legal rate of 9% per annum, plus attorney's fees and costs to the extent allowed by contract or statute, including ORS 742.061.

21.

Despite Plaintiffs' demands for payment, FNIC has failed and refused to pay or otherwise reimburse Plaintiffs these amounts due and owing resulting from FNIC's breaches of contract.

WHEREFORE, Plaintiffs Jayne and David Bond prays for judgment as follows:

A.  On its First Claim for Relief, for judgment in its favor and an award of damages to be proven at trial but of at least $370,000;

B.  For accruing pre-judgment interest at the legal rate of 9% per annum on principal amounts owed from the date incurred, and for post-judgment interest as applicable;

C.  For attorney's fees as authorized by contract or statute (incl. ORS 742.061);

/ / / / /
/ / / / /
/ / / / /
/ / / / /

Page 5  -  COMPLAINT (Breach of Contract)

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380   Fax (503) 220-2480

77502322.3 0020334-00015

D.  For costs and disbursement and additional relief as the Court deems just.

DATED: January 9, 2015.

STOEL RIVES, LLP

_____
Louis A. Ferreira, OSB 902602
lou.ferreira@stoel.com
C. Andrew Gibson, OSB 112947
andrew.gibson@stoel.com
Attorneys for Plaintiffs
Trial Attorney: Louis A. Ferreira

Page 6  -  COMPLAINT (Breach of Contract)

77502322.3 0020334-00015